**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 7**

Docket Nos. DE-1221-20-0091-P-1
DE-1221-20-0091-P-2

**Michelle Gilewicz,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

April 9, 2024

Michelle Gilewicz, Wichita, Kansas, pro se.

John F. Dymond, Esquire, North Charleston, South Carolina,
for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## OPINION AND ORDER

¶1  The agency has filed a petition for review of the addendum initial decision, which awarded the appellant $100,000 in compensatory damages and $6,169.75 in consequential damages.  For the reasons discussed below, we GRANT the agency's petition for review, VACATE the compensatory damages award, and REMAND the compensatory damages proceeding to the Denver Field Office for further adjudication in accordance with this Opinion and Order.  We AFFIRM the consequential damages award.

## BACKGROUND

¶2    On December 3, 2019, the appellant filed an individual right of action (IRA) appeal alleging that, among other things, she was subjected to a hostile work environment because of her protected disclosures and protected activities. *Gilewicz v. Department of Homeland Security*, MSPB Docket No. DE-1221-20-0091-W-1, Initial Appeal File (IAF), Tab 1.   After holding a hearing, the administrative judge issued an initial decision granting in part the appellant's request for corrective action.   IAF, Tab 77, Initial Decision (ID) at 1-2.   The administrative judge found that the appellant was entitled to corrective action regarding her claim that she was subjected to a hostile work environment[1] while employed as an Immigration Officer in the agency's Philadelphia Field Office because of her protected disclosures concerning an Immigration Analyst being improperly issued an Immigration Officer's badge and performing work outside of the scope of her job duties, including conducting site visits.   ID at 6-9, 14-17. However, the administrative judge denied corrective action regarding the appellant's claims that, because of her protected disclosures and protected activity, the agency subjected her to a hostile work environment in the Wichita Field Office, did not select her for several positions, and gave her a negative job reference.   ID at 17-20.   Neither party filed a petition for review of the initial decision, which became the Board's final decision.

¶3    On November 5, 2020, the appellant filed a motion for damages, which the administrative judge docketed as two separate addendum proceedings:   (1) a consequential damages proceeding, *Gilewicz v. Department of Homeland Security*, MSPB Docket No. DE-1221-20-0091-P-1, Appeal File (P-1 AF), Tab 1; and (2) a compensatory damages proceeding, *Gilewicz v. Department of Homeland Security*, MSPB Docket No. DE-1221-20-0091-P-2, Appeal File

---

[1] Allegations of a hostile work environment may establish a personnel action under 5 U.S.C. § 2302(a)(2)(A) if they meet the statutory criteria, i.e., constitute a significant change in duties, responsibilities, or working conditions. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16.

(P-2 AF), Tab 1.[2]  The appellant sought $300,000 in nonpecuniary compensatory damages and $6,169.75 in consequential damages for the cost of a forensic economic analysis.[3]  P-2 AF, Tab 1 at 6.  The administrative judge issued a single addendum initial decision based on the written record, awarding the appellant $100,000 in nonpecuniary compensatory damages and $6,169.75 in consequential damages.  P-1 AF, Tab 9, Addendum Initial Decision (AID) at 8-21, 23; P-2 AF, Tab 8, AID at 8-21, 23.

¶4  The agency has filed a petition for review listing both docket numbers and asserting that the compensatory damages awarded are excessive.[4]  Petition for Review (PFR) File, Tab 3.  The Office of the Clerk of the Board processed the agency's pleading as a petition for review in both addendum proceedings.[5]  PFR File, Tab 4 at 1 n.*.  The appellant has not responded to the agency's petition.

## ANALYSIS

¶5  As the prevailing party in a Board appeal in which the administrative judge ordered corrective action based upon a finding of whistleblower reprisal, the appellant is entitled to an award of "backpay and related benefits, medical costs incurred, travel expenses, any other reasonable and foreseeable consequential damages, and compensatory damages (including interest, reasonable expert witness fees, and costs)."  5 U.S.C. § 1221(g)(1)(A)(ii); *see King v. Department of the Air Force*, 122 M.S.P.R. 531, ¶ 7 & n.3 (2015).  Compensatory damages

---

[2] To reduce citation clutter, we will generally only cite to the P-2 files when items appear in both files.

[3] The appellant also requested various other forms of relief, which the administrative judge denied.  P-2 AF, Tab 1 at 5-6, Tab 8, Addendum Initial Decision at 5-7, 21-23. The appellant has not filed a cross petition for review challenging the administrative judge's findings in this regard.

[4] The agency does not present any discernable challenge to the administrative judge's award of consequential damages.

[5] To this point, there has not been an explicit order joining the appeals, although they have been treated as such without objection from either party.  We expressly do so now because it would expedite processing without adversely affecting the interests of the parties.  *See* 5 C.F.R. § 1201.36.

include pecuniary losses and nonpecuniary losses, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. *Hickey v. Department of Homeland Security*, 766 F. App'x 970, 976-77 (Fed. Cir. 2019);[6] 5 C.F.R. §§ 1201.201(d), 1201.202(c). Compensatory damages are designed to compensate the appellant for actual harm, not to punish the agency. *Hickey*, 766 F. App'x at 977.

We clarify that it is appropriate for the Board to consider cases and guidance from the Equal Employment Opportunity Commission (EEOC) as persuasive authority in adjudicating compensatory damages pursuant to 5 U.S.C. § 1221(g).

¶6    Here, in assessing the appellant's claim of compensatory damages, the administrative judge noted that there was limited precedent from the U.S. Court of Appeals for the Federal Circuit.[7] AID at 12. We agree that case law regarding compensatory damages in whistleblower reprisal cases is underdeveloped; indeed, the Board has yet to issue a precedential decision substantively addressing such damages.[8] The Board has, however, addressed compensatory damages in another context, i.e., as authorized by section 102 of the Civil Rights Act of 1991 (42 U.S.C. § 1981a). *E.g.*, *Edwards v. Department of Transportation*, 117 M.S.P.R. 222, ¶¶ 9-10, 27 (2012); *see* 5 C.F.R. § 1201.202(c). In this context, the Board has adopted the EEOC's criteria for proving both the

---

[6] The Board may follow a nonprecedential decision of a court when, as here, it finds the reasoning persuasive. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 16 n.6, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).

[7] Historically, the Board has not been bound by circuit court decisions other than those of the Federal Circuit. *See Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶ 14 (2008). However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 108, 126 Stat. 1465, 1469 (2012), extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, § 2, 128 Stat. 1894 (2014), and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510 (2018), the appellant may seek review of the Board's final decision before any appropriate court of appeal. *Edwards*, 2022 MSPB 9, ¶ 15 n.5; *see* 5 U.S.C. § 7703(b)(1)(B).

[8] Compensatory damages in IRA appeals first became available with the December 27, 2012 enactment of the Whistleblower Protection Enhancement Act of 2012. *See Hickey*, 766 F. App'x at 976 n.6; *King*, 122 M.S.P.R. 531, ¶ 7 n.3.

entitlement to and the amount of compensatory damages. *Edwards*, 117 M.S.P.R. 222, ¶ 9.

¶7        We take this opportunity to clarify that, in adjudicating compensatory damages in whistleblower reprisal cases, it is appropriate to apply the case law pertaining to compensatory damages in EEOC cases by analogy and to give persuasive authority to the regulatory guidance of the EEOC as it pertains to compensatory damages. Accordingly, to receive an award of compensatory damages pursuant to 5 U.S.C. § 1221(g), an appellant must show that she has been harmed as a result of the agency's unlawful retaliatory activities and must establish the extent, nature, and severity of the harm, as well as the duration or expected duration of the harm. *See id.*, ¶ 10 (stating that, to receive an award of compensatory damages pursuant to section 102 of the Civil Rights Act, an appellant must demonstrate that she has been harmed as a result of the agency's discriminatory action and must establish the extent, nature, and severity of the harm, as well as the duration or expected duration of the harm); *see also Hickey*, 766 F. App'x at 978 (noting that Mr. Hickey's request for compensatory damages included all of his original claims in his IRA appeal, instead of the three instances of misconduct for which the Board determined that he was entitled to corrective action, and concluding that he was only entitled to compensatory damages for those three instances).

¶8        An award of compensatory damages for nonpecuniary losses should reflect the extent to which the agency directly or proximately caused the harm and the extent to which other factors also caused the harm. *Hollingsworth v. Department of Commerce*, 117 M.S.P.R. 327, ¶ 13 (2012). A nonpecuniary damages award should not be "monstrously excessive" standing alone, should not be the product of passion or prejudice, and should be generally consistent with the amount awarded in similar cases. *Id.* (citing *Ward-Jenkins v. Department of the Interior*, EEOC Appeal No. 01961483, 1999 WL 139427, at *6 (Mar. 4, 1999)). To achieve consistency with the amount awarded in similar cases, it is appropriate to

consider EEOC decisions that present similar factual scenarios. *E.g.*, *Heffernan v. Department of Health and Human Services*, 107 M.S.P.R. 97, ¶ 13 (2007).

¶9    In so clarifying, however, we caution that the Civil Rights Act limits the compensatory damages that may be awarded to a complainant for future pecuniary losses and nonpecuniary losses according to the number of individuals employed by the respondent employer. 42 U.S.C. § 1981a(b)(3). For an agency with more than 500 employees, as here, the limit of liability for such damages is $300,000. 42 U.S.C. § 1981a(b)(3)(D); *see Nia G. v. Department of Homeland Security*, EEOC Appeal No. 0120160716, 2018 WL 1061871, at *5 (Feb. 6, 2018) (indicating that, because the Department of Homeland Security has more than 500 employees, the limit of liability for future pecuniary and nonpecuniary damages was $300,000). No such monetary cap exists for an award issued pursuant to 5 U.S.C. § 1221(g). *See Hickey*, 766 F. App'x at 976 n.6. Thus, to the extent the Board considers any decisions, EEOC or otherwise, wherein nonpecuniary damages have been ordered pursuant to 42 U.S.C. § 1981a, it must remain cognizant that an award of such damages under 5 U.S.C. § 1221(g) is not capped and may exceed $300,000.

We remand the compensatory damages issue for further adjudication.

¶10    Turning to the facts of this case, the administrative judge determined that the appellant was entitled to a partial award of the nonpecuniary compensatory damages she sought, in the amount of $100,000. AID at 20. The administrative judge arrived at this amount after considering the appellant's written statement and two medical notes and comparing a range of EEOC decisions on compensatory damages. AID at 8-20. He concluded that the appellant proved that she became angry, anxious, depressed, fearful, unable to participate in activities she previously enjoyed, and she contemplated suicide. AID at 13-14. The administrative judge also determined that the most analogous precedent was *Fivecoat v. Department of the Air Force*, EEOC Appeal No. 0720110035,

2012 WL 1893699 (May 15, 2012), which similarly awarded $100,000 in compensatory damages. AID at 14.

¶11    On review, the agency asserts that the administrative judge erred in awarding $100,000 in compensatory damages because it was based on an erroneous finding regarding the total duration of the hostile work environment in Philadelphia and improperly relied on *Fivecoat*, which was not an analogous case, but rather involved more egregious acts by the agency over a longer duration of time. PFR File, Tab 3 at 13-20. For the reasons set forth below, we find that remand is necessary for proper assessment of the extent to which the appellant's emotional harm was caused by the unlawful retaliatory hostile work environment in Philadelphia as opposed to emotional distress associated with the litigation process or the appellant's unproven claim that she was subjected to a retaliatory hostile work environment in the agency's Wichita office.

¶12    The administrative judge granted corrective action regarding the appellant's claim that she was subjected to a hostile work environment in the agency's Philadelphia office, which the administrative judge found to be "fairly limited in scope" and based on the following: (1) the appellant's supervisor failed to require her colleagues to go out with her on site visits as part of her training, which adversely affected her development as an Immigration Officer, and told her to "deal with it"; (2) the appellant's supervisor gave her a "lower performance appraisal grade" for the teamwork element, despite his knowledge that her team members would not work with her; (3) the appellant's supervisor attempted to interfere with her work on a high-profile case; and (4) the appellant missed a training session after her return from deployment because no one told her about it. ID at 15; AID at 3-5.

¶13    As the agency points out on review, the total duration of the hostile work environment in Philadelphia appears to have been 9 months, between April 2017, when the appellant made her protected disclosures, ID at 7 n.7, and April 2018, when she began reporting to the Potomac Service Station, excluding the

approximately 3 months between September and December 2017, when she was deployed with the Surge Capacity Force, PFR File, Tab 3 at 14; IAF, Tab 4 at 10, 91, Tab 62 at 87. However, the appellant's statement in support of her motion for compensatory damages, the primary evidence of the emotional harm she suffered, reflects that she attributes her emotional distress to the agency's treatment of her over a total period of almost 4.5 years, including many of the original allegations raised in her appeal for which the administrative judge did not find unlawful retaliation and did not grant corrective action. P-2 AF, Tab 1. For example, the administrative judge found that the appellant failed to prove that her alleged hostile work environment in the Wichita Field Office was due to whistleblower reprisal. ID at 17-18. Notwithstanding such a finding, the appellant's statement in support of her claim for compensatory damages describes emotional distress caused by the agency's alleged actions in Wichita. P-2 AF, Tab 1 at 11-12, 14-16, 20 (stating that the environment in Wichita is "significantly worse than the one in Philadelphia" and "makes Philadelphia seem like a rose garden").

¶14　　　In the addendum initial decision, the administrative judge acknowledged that the appellant claimed damages based on the agency's treatment of her over a period of 4.5 years, but he summarily stated without analysis that she "did not distinguish clearly between the damages caused by whistleblower retaliation and those caused by the litigation." AID at 10 & n.6. As a result, it is unclear whether the administrative judge's award of compensatory damages improperly compensated the appellant for emotional distress stemming from litigation. P-2 AF, Tab 1 at 10-12, 19-20 (referencing her emotional state during or as a result of the trial); *see, e.g.*, *Knussman v. Maryland*, 272 F.3d 625, 641-42 (4th Cir. 2001) (finding that, generally, litigation-induced emotional distress is not a compensable element of damages). Similarly, it is unclear whether the administrative judge awarded damages for emotional distress based on the appellant's unsuccessful claim that she suffered a hostile work environment in

Wichita.[9]   Although the administrative judge stated that he was not awarding damages for any alleged Wichita hostile work environment, AID at 22, he considered the appellant's medical conditions, such as nausea, headaches, stress, and anxiety, which appear to stem from alleged incidents in Wichita, AID at 10-11 (stating that the appellant described herself as anxious and depressed as well as "described how her focus and concentration has been greatly diminished, and she now feels nauseated and has headaches on a daily basis 'as this ordeal has dragged on now for almost four and a half years'"); P-2 AF, Tab 1 at 11-12 (referencing that she now has anxiety as a result of constant questioning from management in Wichita).

¶15        Although we do not question the sincerity of such conditions, the appellant has not clearly indicated the dates or duration she suffered from these medical conditions, rendering it difficult to assess whether they were actually caused by the agency's unlawful conduct in Philadelphia, particularly given that her statement fails to focus solely on the hostile work environment in Philadelphia.[10] *See Hickey*, 766 F. App'x at 978.   In addition to her statement, the appellant also submitted two 1-page medical documents in support of her claims that she suffered from anxiety and depression.[11]   P-2 AF, Tab 1 at 79-80.   An October 8,

---

[9] In his analysis, the administrative judge properly excluded compensatory damages that the appellant sought based on her other unproven claims, including her claims that her coworkers told lies about her and insinuated that she wanted to date a married coworker, her supervisor gave her a derogatory reference, she was held to a different standard than other employees, she was assigned more difficult cases, she was publicly denigrated in an attempt to humiliate her, and she was not promoted.   AID at 9-10 nn. 4-5.

[10] In contrast, the appellant clearly states that she began experiencing insomnia and depression in Philadelphia as a result of the hostile work environment.   P-2 AF, Tab 1 at 5, 10-11.

[11] The appellant also submitted two statements from her siblings, P-2 AF, Tab 4 at 3-4, which the administrative judge did not consider, AID at 12 (finding that the appellant's personal statement and her two medical treatment notes were the only evidence of the extent, nature, severity, or duration of the appellant's harm).   On remand, the administrative judge shall consider such statements in assessing the appellant's request for compensatory damages.

2020 note from a licensed clinical social worker states that the appellant presented on that date "with significant anxiety symptoms" that were "negatively impacting her daily functioning" and that she was also experiencing "depression symptoms for which she received counseling support from [a] social worker and therapist." *Id.* at 79. In a second note dated October 27, 2020, a mental health social worker indicated that the appellant had established care on that date for symptoms of depression and anxiety that were "severely impacting her daily functioning." *Id.* at 80. However, it is not clear whether or to what degree such conditions are the result of the hostile work environment the appellant experienced in Philadelphia in 2017-2018 because the medical notes, which are dated October 8 and 27, 2020, are temporally closer to the appellant's unproven claim that she suffered a hostile work environment in Wichita, beginning January 6, 2019.

¶16     Based on the foregoing, we find it appropriate to remand for reevaluation of the appropriate amount of compensatory damages for harm actually caused by the hostile work environment in Philadelphia. Although the administrative judge did not hold a hearing on damages, he did hold a hearing on the merits of the appellant's whistleblowing claims in which he heard testimony and made credibility findings concerning the Philadelphia hostile work environment. Given such findings, the administrative judge is in the best position to reevaluate the evidence and determine the proper amount of compensatory damages based solely on emotional distress caused by the Philadelphia hostile work environment. *Cf. Bergman v. Department of Transportation*, 101 M.S.P.R. 607, ¶ 8 (2006) (remanding because the administrative judge who decided the case on the merits was in the best position to judge the reasonableness of the requested attorney fees).

¶17     On remand, the administrative judge shall issue a new addendum initial decision that addresses the issues raised herein and evaluates the appellant's entitlement to compensatory damages based only on her proven claim that she

was subjected to a hostile work environment in Philadelphia. The administrative judge, in his discretion, may reopen the record to allow the parties to present evidence and/or argument regarding the proper amount of compensatory damages or to hold a hearing on the appellant's motion for compensatory damages.

## ORDER

¶18　For the reasons discussed above, we remand the compensatory damages matter, *Gilewicz v. Department of Homeland Security*, MSPB Docket No. DE-1221-20-0091-P-2, to the Denver Field Office for further adjudication in accordance with this Opinion and Order.

¶19　We ORDER the agency to pay the appellant $6,169.75 in consequential damages. The agency must complete this action no later than 20 days after the date of this decision.

¶20　We ORDER the appellant to cooperate in good faith in the agency's efforts to carry out the Board's Order. We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21　No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22　This is the final decision of the Merit Systems Protection Board regarding the award of consequential damages in MSPB Docket No. DE-1221-20-0091-P-1.

Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS
## FOR MSPB DOCKET NO. DE-1221-20-0091-P-1

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS
## FOR MSPB DOCKET NO. DE-1221-20-0091-P-1[12]

Although the Board is remanding for further adjudication regarding the compensatory damages award in MSPB Docket No. DE-1221-20-0091-P-2, you may obtain review of the Board's final decision regarding the award of consequential damages in MSPB Docket No. DE-1221-20-0091-P-1. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.