## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALICIA ARNOLD,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-24-0067-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE:  November 20, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Alicia Arnold, Alexandria, Virginia, pro se.

Michael E. Hokenson, Fort Belvoir, Virginia, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). Nevertheless, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so and, assuming the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, the Board may have jurisdiction over such actions as constructive adverse actions. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). All constructive adverse actions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.*, ¶ 8. In analyzing voluntariness, the touchstone is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007); *see Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11 (explaining that the agency's wrongful actions must have deprived the employee of a meaningful choice). In assessing voluntariness, the Board must consider all surrounding circumstances, including the events not immediately preceding the resignation. *See Shoaf*, 260 F.3d at 1342.

When discrimination or retaliation is alleged in connection with a claim of involuntariness, evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not whether such evidence meets the test for proof of discrimination and reprisal under Title VII. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996). Thus, allegations of discrimination and retaliation go to the ultimate question of whether, considering all the circumstances, working conditions were made so difficult by the agency that a reasonable person in the appellant's position would have felt compelled to resign. *See id.*

Here, we find that the administrative judge improperly relied on *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000), in considering the relative probative value of the appellant's allegations based on their proximity in time to her resignation. Initial Appeal File (IAF), Tab 14, Initial Decision at 16-17 & n.5. In *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1342 (Fed. Cir. 2001), the U.S. Court of Appeals for the Federal Circuit explained that, in determining whether an appellant would have felt compelled to resign, a tribunal should "consider the totality of the circumstances," to include "events not immediately preceding the leave of employ." Additionally, in *Trinkl v. Merit Systems Protection Board*, 727 F. App'x 1007, 1010-11 (Fed. Cir. 2018),[2] the Federal Circuit explained that weighing the relative probative value of allegations is appropriate only following a jurisdictional hearing.

Here, considering all the appellant's allegations collectively, we find that she made nonfrivolous allegations that the agency's wrongful actions deprived her of meaningful choice regarding her resignation. To this end, the appellant alleged, among other things, that she had been subjected to a toxic work environment wherein her supervisor had, among other things, discriminatorily denied her leave requests and her requests to attend necessary training, and had made false accusations against her. IAF, Tabs 1, 5-6. Accordingly, we remand this matter for a hearing. *See Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016) (stating that, in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact that could establish Board jurisdiction, she is entitled to a hearing).

---

[2] The Board may follow a nonprecedential decision of a court when, as here, it finds the reasoning persuasive. *Gilewicz v. Department of Homeland Security*, 2024 MSPB 7, ¶ 5 n.6.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:  _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.