## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2026 MSPB 4

Docket No. AT-0432-16-0588-P-1

**Ann Murray,**

**Appellant,**

**v.**

**National Aeronautics and Space Administration,**

**Agency.**

April 2, 2026

Archibald J. Thomas III, Esquire, Jacksonville Beach, Florida, for the appellant.

Samantha Cochran, Esquire, Kennedy Space Center, Florida, for the agency.

#### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

#### OPINION AND ORDER

¶1 The appellant has filed a petition for review and the agency has filed a cross petition for review of the addendum initial decision, which denied her motion for a tax offset payment and awarded her $22,000 in nonpecuniary compensatory damages. For the reasons discussed below, we GRANT the petition for review and DENY the cross petition for review. We REVERSE the administrative judge's finding that the Board lacks the authority to award pecuniary compensatory damages for the adverse tax consequences of a lump sum back pay award. We FIND instead that pecuniary compensatory damages may be

awarded when there has been a finding of discrimination, compensatory damages are authorized by law, and the appellant has proven that she suffered adverse tax consequences due to a lump sum back pay award. We AFFIRM the administrative judge's decision to award $22,000 in nonpecuniary compensatory damages. We REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2 In *Murray v. National Aeronautics and Space Administration*, MSPB Docket No. AT-0432-16-0588-I-1, Final Order, ¶¶ 1, 6, 8-20 (June 22, 2023), the Board found that the appellant proved her claim of failure to accommodate disability discrimination and reversed the removal action. The Board ordered the agency to cancel the removal and restore the appellant to duty, effective May 10, 2016, and to pay her back pay, interest on back pay, and other benefits. *Id.*, ¶¶ 21-22. The order also informed the appellant of her right to request compensatory damages.

¶3 The appellant filed a motion for compensatory damages. *Murray v. National Aeronautics and Space Administration*, MSPB Docket No. AT-0432-16-0588-P-1, Appeal File (P-1 AF), Tab 2. The agency filed a response. P-1 AF, Tab 8. The appellant filed a motion for a tax offset payment for an adverse tax consequence, which she claimed would result from receiving several years of back pay in a lump sum payment in a single tax year. P-1 AF, Tab 7. The appellant noted that she was unable to compute the amount of the tax impact until she filed her 2023 tax return, but she estimated that the tax impact would be in excess of $100,000. *Id.* at 4. The agency filed a response to this motion. P-1 AF, Tab 9.

¶4 The administrative judge issued an addendum initial decision in which he granted in part the motion for compensatory damages. P-1 AF, Tab 10, Addendum Initial Decision (AID). In pertinent part, the administrative judge

denied the appellant's motion for a tax offset payment and found that her expenses for travel for job hunting and visits to her attorney were more appropriately considered as part of an award of attorney fees and costs (which was then pending),[1] but he determined that she was entitled to nonpecuniary compensatory damages in the amount of $22,000. AID at 4, 6-9. The administrative judge also found that the agency did not prove that it made a good faith effort to accommodate the appellant's disability.[2] AID at 9-12.

¶5 The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3, 5. The agency also has filed a cross petition for review, and the appellant has filed a response. PFR File, Tabs 3, 6.

## ANALYSIS

¶6 Under the Civil Rights Act of 1991, an employee may recover compensatory damages from a Federal agency that engaged in unlawful and intentional discrimination against her on the basis of her disability. 42 U.S.C. § 1981a(a)(2)-(3); *Edwards v. Department of Transportation*, 117 M.S.P.R. 222, ¶ 9 (2012); *see Danzie v. Department of the Army*, EEOC Appeal No. 01A42575, 2004 WL 1763834 at *2 (July 28, 2004) (stating that compensatory damages are available for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, or Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791, *et seq.*). The Board may order the payment of compensatory damages when there has been a finding that such discrimination occurred. *Edwards*, 117 M.S.P.R. 222, ¶ 9; 5 C.F.R. § 1201.202(c). The Board may consider decisions from the Equal Employment

---

[1] The appellant does not challenge the administrative judge's finding that she was not entitled to recover such costs in her compensatory damages appeal. We affirm the addendum initial decision in this regard.

[2] The agency does not challenge this finding in its cross petition for review. Petition for Review File, Tab 3 at 10-11. We affirm the addendum initial decision in this regard. 42 U.S.C. § 1981a(a)(3).

Opportunity Commission (EEOC) regarding entitlement to and the amount of compensatory damages, but it conducts its own analysis of these issues. *See Gilewicz v. Department of Homeland Security*, 2024 MSPB 7, ¶ 8 (finding that, to achieve consistency with the amount of nonpecuniary compensatory damages awarded in similar cases, it is appropriate to consider EEOC decisions that present similar factual scenarios); *Heffernan v. Department of Health and Human Services*, 107 M.S.P.R. 97, ¶¶ 12-13 (2007) (citing EEOC decisions with facts similar to that Board appeal to help determine the correct amount of compensatory damages).

¶7    Section 102(a) of the Civil Rights Act authorizes the award of compensatory damages for pecuniary losses and for nonpecuniary losses, such as, but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, injury to character and reputation, and loss of health. *Edwards*, 117 M.S.P.R. 222, ¶ 10; *Heffernan*, 107 M.S.P.R. 97, ¶ 6; *see* 42 U.S.C. § 1981a(a)-(b). Compensatory damages do not include back pay, interest on back pay, or any other type of equitable relief authorized by the enforcement provisions of Title VII. 42 U.S.C. §§ 1981a(b)(2), 2000e-5(g); *Edwards*, 117 M.S.P.R. 222, ¶ 10. To receive an award of compensatory damages, an appellant must demonstrate that she has been harmed as a result of the agency's discriminatory action and must establish the extent, nature, and severity of the harm, as well as the duration or expected duration of the harm. *Edwards*, 117 M.S.P.R. 222, ¶ 10.

The appellant may be entitled to an award of pecuniary compensatory damages if she can prove that she suffered adverse tax consequences stemming from a lump sum back pay award because of the agency's discriminatory conduct.

¶8    Pecuniary damages are available for out-of-pocket expenses shown to be related to the discriminatory conduct. *Edwards*, 117 M.S.P.R. 222, ¶ 12 (citing *Minardi v. U.S. Postal Service*, EEOC Appeal No. 01981955, 2000 WL 33542026 at *2 (Oct. 3, 2000)). Typically, these damages include reimbursement

for medical expenses, job hunting expenses, moving expenses, and other quantitative out-of-pocket expenses. *Edwards*, 117 M.S.P.R. 222, ¶ 12 (internal citations omitted). In the addendum initial decision, the administrative judge denied the appellant's motion for a tax offset payment, explaining that the Board does not get involved with the tax consequences of a back pay award. AID at 4 (citing *Johnston v. Department of the Treasury*, 100 M.S.P.R. 196 (2005), and *Holtgrewe v. Federal Deposit Insurance Corporation*, 65 M.S.P.R. 137, 140 (1994)).

¶9     In her petition for review, the appellant contends that *Johnston* and *Holtgrewe* did not involve violations of discrimination law, and any Board cases indicating that the Board lacks authority to award compensatory damages for this reason predated the enactment of 42 U.S.C. § 1981a.[3] PFR File, Tab 1 at 9. She also asserts that the EEOC has recognized that an agency is liable for any increased tax liability resulting from a receipt of a lump sum payment of back pay in a single tax year. *Id.* at 9-10 (citing *Mohar v. U.S. Postal Service*, EEOC Appeal No. 0720100019, 2011 WL 4343960 (Aug. 29, 2011), *Lorenzo v. Department of Defense (Education Activity)*, EEOC Petition No. 04A40035, 2005 WL 2492749 (Sept. 29, 2005), and *Goetze v. Department of the Navy*, EEOC Appeal No. 01991530, 2001 WL 991923 (Aug. 22, 2001)).[4]

¶10     In its response, the agency acknowledges that the EEOC "regularly awards tax offset payments related to the award of back pay in discrimination claims," but asserts that it "does so explicitly as an equitable remedy, not an award of compensatory damages." PFR File, Tab 3 at 9 (citing *Goetze*, EEOC

---

[3] We agree with the appellant that *Johnston* and *Holtgrewe* did not involve findings of discrimination.

[4] It appears that this language and the corresponding case citations come from the Equal Employment Opportunity Management Directive 110 (EEO MD-110), ch. 11, Remedies. EEOC, EEO MD-110, ch. 11 (Aug. 5, 2015). The paragraph that references *Mohar*, *Lorenzo*, and *Goetze* does not seem to support the appellant's position because it discusses the tax consequences of a lump sum payment of back pay under the heading of "Back Pay," and not the heading of "Compensatory Damages."

Appeal No. 01991530, 2001 WL 991923, and *Alcala v. Department of the Treasury*, EEOC Appeal No. 01A14299, 2002 WL 31153182 (Sept. 18, 2002)). The agency also questions whether the back pay award was made pursuant to the Back Pay Act or Title VII. *Id.* at 10. For example, if the award was made pursuant to the Back Pay Act, which the agency asserts that it was, the Board has consistently held that the Act does not provide for reimbursement of negative tax consequences or other consequential expenses incurred as a result of an improper agency action. *Id.* (citing, among other cases, *Johnston*, 100 M.S.P.R. 196, and *Holtgrewe*, 65 M.S.P.R. 137). Alternatively, the agency asserts that any compensatory damages award is premature because the appellant has the burden to prove the amount to which she claims entitlement, and she has not done so. *Id.*

¶11 To resolve the question before us, we have considered case law from the Board and the EEOC. We agree with the agency that the Board has consistently held that it lacks the authority to remedy the tax consequences of a back pay award. *See, e.g.*, *Alford v. Department of Defense*, 113 M.S.P.R. 629, ¶ 23 (2010); *Kinney v. Department of Veterans Affairs*, 103 M.S.P.R. 602, ¶ 16 (2006); *Hopkins v. Department of the Navy*, 86 M.S.P.R. 11, ¶ 2 (2000); *Harris v. Department of Agriculture*, 53 M.S.P.R. 78, 82 (1992), *aff'd*, 988 F.2d 130 (Fed. Cir. 1993) (Table); *Wilson v. U.S. Postal Service*, 38 M.S.P.R. 156, 159 (1988). Notably, each of these cases arose in the context of a petition for enforcement, and only *Wilson* involved a finding of discrimination. In *Wilson*, a decision which predated the Civil Rights Act of 1991, the Board found that, absent any explicit statutory authority to award damages, it lacked the authority under Title VII or any other law to award compensation for an increase in income tax liability. 38 M.S.P.R. at 159; *see also Gay v. U.S. Postal Service*, 41 M.S.P.R. 476, 482 (1989) (citing *Wilson*, 38 M.S.P.R. 156, in a pre-1991 decision finding that the Board lacked authority to order any remedy for the tax consequences of back pay resulting from a discrimination finding). The parties have not cited, and we have not found, any precedential decisions from the Board or the U.S. Court

of Appeals for the Federal Circuit in which the Board's authority to award an appellant compensation for the adverse tax consequences of a lump sum back pay award has been discussed in the context of a finding of unlawful discrimination and consideration of compensatory damages following the enactment of the Civil Rights Act of 1991.

¶12 However, the EEOC has held that the purpose of compensatory damages is to compensate an employee for the proximate injury caused by the employment discrimination, and compensation for the adverse tax consequences of receiving a lump sum back pay award meets this criterion. *Holler v. Department of the Navy*, EEOC Appeal Nos. 01990407 and 01982627, 2001 WL 991924 at *3 (Aug. 22, 2001); *Van Hoose v. Department of the Navy*, EEOC Appeal Nos. 01990455 and 01982628, 2001 WL 991925 at *3 (Aug. 22, 2001); *see Kyle S. v. Department of Agriculture*, EEOC Petition No. 202204525, 2024 WL 3507323 at *11 (July 9, 2024) (citing *Holler* for the proposition that petitioners may recover the additional tax liability from a lump sum payment of back pay); *Marquis K. v. Department of Homeland Security*, EEOC Appeal No. 0120162675, 2017 WL 3911865 at *2 n.2 (Aug. 23, 2017) (citing *Holler* for the proposition that payments for increased tax liability stemming from a lump sum back pay award may be ordered as part of "consequential pecuniary compensatory damages"); *Petitioner v. Department of Homeland Security*, EEOC Petition No. 0420140001, 2014 WL 7005926 at *3 (Dec. 5, 2014) (same). In *Marquis*, EEOC Appeal No. 0120162675, 2017 WL 3911865 at *2 n.2, the EEOC noted that a settlement agreement provided the complainant with compensatory damages, but it did not provide for any other relief regarding tax consequences. Therefore, the complainant was not entitled to "any such pecuniary damages." *Id.* In *Petitioner*, EEOC Petition No. 0420140001, 2014 WL 7005926 at *4, the EEOC construed the claim for payment for the adverse tax consequences of receiving the 2007 lump sum back pay award as a request for pecuniary compensatory damages. The EEOC found that the petitioner was not entitled to compensatory damages

because its prior orders did not find that he proved he was subjected to employment discrimination, and the settlement agreement that resolved his equal employment opportunity complaint did not include compensatory damages as part of the remedy in the event of a breach. *Id.*

¶13 We agree with the EEOC's analysis of this issue. Accordingly, we find that, in cases involving findings that the agency committed prohibited discrimination pursuant to Title VII and/or the Rehabilitation Act, the Board may award as compensatory damages payment for the proven adverse tax consequences of a receipt of a lump sum back pay award.[5]

¶14 Here, however, the appellant has not, to date, submitted any evidence that she filed her 2023 Federal tax return or suffered any adverse tax consequences. The appellant bears the burden to establish the amount of her increased tax liability. *Goetze*, EEOC Appeal No. 01991530, 2001 WL 991923 at * 4; *Taylor G. v. Department of the Army*, EEOC Appeal No. 0120170778, 2018 WL 1990472 at *2 (Apr. 11, 2018). Therefore, we remand the appeal to the regional office for the appellant to submit evidence and argument on the amount of her increased tax liability due to the lump sum payment of back pay. The appellant shall submit detailed calculations showing the tax liability that she actually incurred for each year of the back pay period, the tax liability that she

---

[5] The EEOC has repeatedly stated that, under both legal and equitable theories, an award to cover additional tax liability from a lump sum payment of back pay is available to complainants. *E.g.*, *Vaughn C. v. Department of the Air Force*, EEOC Petition No. 0420170022 and 0420160004, 2017 WL 5564319 at *5 (Nov. 3, 2017); *Darlene F. v. Social Security Administration*, EEOC Petition No. 0420140010, 2016 WL 1554570 at * 9 (Apr. 8, 2016); *Reynolds v. U.S. Postal Service*, EEOC Appeal No. 0120111944, 2013 WL 5295919 at *9 (Sept. 13, 2013); *Mohar*, EEOC Appeal No. 0720100019, 2011 WL 4343960 at *8. However, the EEOC has also stated that it need not categorize whether the potential award to a complainant for adverse tax consequences of receiving a lump sum back pay is a legal or equitable remedy since it was available under at least one of these theories. *Holler*, EEOC Appeal No. 01990407 and 01982627, 2001 WL 991924 at *4; *Van Hoose*, EEOC Appeal No. 01990455 and 01982628, 2001 WL 991925 at *3-4. Because the appellant's motion for compensatory damages is the only issue before us, we make no findings on whether the requested relief is also available as an equitable remedy.

would have incurred in each of those years if she had received the back pay in the form of a regular salary, and the tax liability that she incurred solely as a result of her receipt of the lump sum back pay award. *Deon C. v. Department of Commerce*, EEOC Appeal No. 2021000877, 2023 WL 2238867 at *4-5 (Feb. 8, 2023) (citing *Israel F. v. Department of Homeland Security*, EEOC Petition No. 0420120010, 2016 WL 4425779 at *4 (Aug. 3, 2016)). The agency shall be given an opportunity to respond to the appellant's evidence and argument. The administrative judge shall issue a new initial decision on the appropriate amount of pecuniary compensatory damages, if any, for the adverse tax consequences of her receipt of a lump sum payment of back pay.

<u>We affirm the administrative judge's decision to award $22,000 in nonpecuniary compensatory damages.</u>

¶15 Nonpecuniary damages constitute the sums necessary to compensate an injured party for actual harm, even where the harm is intangible. *Edwards*, 117 M.S.P.R. 222, ¶ 21. Nonpecuniary losses are losses that are not subject to precise quantification, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, and loss of health. *Id.* An award of compensatory damages for nonpecuniary losses should reflect the extent to which the agency directly or proximately caused the harm and the extent to which other factors also caused the harm. *Id.* The award should take into account the severity and duration of the harm, although nonpecuniary damages are limited to a maximum amount of $300,000. 42 U.S.C. § 1981a(b)(3)(D); *Edwards*, 117 M.S.P.R. 222, ¶ 21. A nonpecuniary damage award amount should not be "monstrously excessive" standing alone, should not be the product of passion or prejudice, and should be consistent with the amount awarded in similar cases. *Edwards*, 117 M.S.P.R. 222, ¶ 21 (internal citations omitted).

¶16 Before the administrative judge, the appellant explained that she was seeking $200,000 in nonpecuniary compensatory damages. P-1 AF, Tab 5 at 10.

In the addendum initial decision, the administrative judge found that the appellant was entitled to nonpecuniary compensatory damages. AID at 6-9. He discussed the declarations submitted by the appellant and her mother and the medical documentation in the record. AID at 6-7. The administrative judge found that the voluminous medical documentation "generally support[ed] her sensitivity to certain environmental conditions [and] the maladies she claimed to have suffered as a result of exposure to them from management's actions." AID at 7. The administrative judge determined that an award of $22,000 in nonpecuniary compensatory damages was reasonable based on the extent of the appellant's distress, the agency's efforts to accommodate her, and the likelihood that her injuries were caused by the agency. AID at 8. In pertinent part, the administrative judge noted that the facts and circumstances of this matter were similar to those set forth in *Hollingsworth v. Department of Commerce*, 117 M.S.P.R. 327 (2012), in which the Board awarded $15,000 in nonpecuniary compensatory damages. AID at 8. In this regard, the administrative judge also noted that both the appellant and Ms. Hollingsworth were removed when the agency did not accommodate or fully accommodate their disabilities, and they both described similar changes in personality and emotional harm. *Id.* Because *Hollingsworth* was decided in 2012, coupled with inflation and "the appellant's long wait for a decision on her petition for review," the administrative judge determined that a slightly higher award of $22,000 was appropriate. *Id.* The administrative judge also discussed several EEOC decisions to support his conclusion. AID at 8-9 (internal citations omitted).

¶17 Both parties challenge the administrative judge's analysis and conclusion regarding the award of $22,000 in nonpecuniary compensatory damages. PFR File, Tab 1 at 6-9, Tab 3 at 10-11. For example, in her petition, the appellant contends that the administrative judge's award failed to properly consider the duration of harm and that he relied upon EEOC decisions in which the duration of harm was "substantially shorter." PFR File, Tab 1 at 6-7. She

asserts that the duration of harm in her case extended from the denial of her first request for telework as a reasonable accommodation in mid-2014, through her reinstatement in mid-2023. *Id.* at 7. She states that she does not "take issue" with the proposition that the injuries that she suffered were "similar in character to the injuries suffered" by Ms. Hollingsworth. *Id.* at 8. She reiterates that an award of "at least $200,000" would be appropriate. *Id.* at 8-9.

¶18 In its response to the petition for review, the agency states that the administrative judge properly considered the duration of harm, and the appellant did not justify an increase in nonpecuniary compensatory damages. PFR File, Tab 3 at 5-8. The agency asserts that the original initial decision affirmed the removal, and thus, the delay between the original initial decision and the Board's order of reinstatement cannot be attributed to the agency's discrimination. *Id.* at 5-6. In its cross petition for review, the agency asserts that the administrative judge made no findings of fact, such as the extent of the appellant's distress, the agency's efforts to accommodate her, or the likelihood that the injuries were caused by the agency. *Id.* at 10-11. The agency also asserts that the administrative judge did not make findings regarding the appellant's alleged difficulty sleeping since the underlying record indicates that she suffered from sleep apnea in connection with her allergies, and that the Board should reduce the award because she was not entitled to compensation for this preexisting condition.[6] *Id.* at 11.

¶19 We disagree with the agency's argument in its cross petition for review that the administrative judge's analysis lacked the requisite factual findings. Reviewing the addendum initial decision as a whole, the administrative judge found that the appellant experienced distress that was caused by the agency's actions. AID at 7-8. We find that the appellant, like Ms. Hollingsworth, established that she experienced significant physical,

---

[6] The agency does not suggest that the appellant is not entitled to any award of nonpecuniary compensatory damages.

emotional, professional, and financial harm as a result of the agency's action. *See Hollingworth*, 117 M.S.P.R. 327, ¶ 21. We acknowledge that the duration of harm in this matter is approximately 7 years from the date of removal to reinstatement, and that this duration is substantially longer than the 13-month duration of harm found in *Hollingsworth*.[7] However, over 6 years of this duration was due to the Board's inability to issue decisions on petition for review during its lack of quorum and the resulting petition for review case inventory, and was not the agency's fault. We have also considered the fact that the appellant was diagnosed with sleep apnea in 2008, prior to the events at issue in the underlying appeal, which would have contributed to her "lost sleep" and "countless sleepless nights" during the relevant time frame.[8] P-1 AF, Tab 5 at 4, 7-8, 90; *see Simmons v. Department of Veterans Affairs*, EEOC Appeal No. 01A02306, 2002 WL 1232785 at *3 (May 29, 2002) (stating that an award of nonpecuniary compensatory damages will be reduced if the evidence shows that factors other than the agency's actions at issue contributed to the complainant's suffering).

¶20 Further, we find that the award sought by the appellant, "at least $200,000," would be excessive and inconsistent with awards in similar cases. In cases in which the EEOC has awarded nonpecuniary damages of $100,000 and above, the evidence of record showed that the emotional or psychological injuries that resulted from the agency's discrimination were so catastrophic that no inquiry into long-term effects was necessary. *McTier v. Department of the Navy*, EEOC Appeal No. 07A30016 2004, WL 483377 at *3 (Mar. 2, 2004); *see McCormick v. Department of Justice*, EEOC Appeal No. 0720100040, 2011 WL 6147823 at *11 (Nov. 23, 2011) (upholding an award of $200,000 because, among other things, the discriminatory conduct led to: emotional distress, which led to

---

[7] Our calculation of the duration of harm—from removal to reinstatement—is consistent with the duration of harm found in *Hollingsworth*, 117 M.S.P.R. 327, ¶ 23.

[8] The administrative judge referenced this condition in his discussion of the agency's good faith defense, AID at 11, but it is unclear what, if any, impact this condition had on his award of nonpecuniary compensatory damages.

permanent spasms that damaged the discs in the complainant's back; a loss of enjoyment of life; changes in her demeanor, outlook, and physical and mental conditions that imperiled her marriage and hindered her ability to properly care for her young child; and a serious and potentially permanent rift with a child in college); *Terban v. Department of Energy*, EEOC Appeal No. 0720040117, 2008 WL 1847616 at *4-5 (Apr. 3, 2008) (awarding $130,000 in nonpecuniary compensatory damages because, among other things, there was "tension in the marriage," the complainant was hospitalized, considered suicide, subjected to electroshock treatment, and still takes medicine and sees a psychiatrist); *Estate of Nason v. Postmaster General*, EEOC Appeal No. 01A01563, 2001 WL 725860 at *5-7 (June 21, 2001) (upholding an award of $150,000 when the complainant, after two suicide attempts, successfully committed suicide and left behind a note blaming the Post Office for "all the stress that they have caused [her] leading to this action"). We do not find that the appellant's emotional or psychological injuries were catastrophic.

¶21 Taking all these circumstances into account, we find that the administrative judge's decision to award $22,000 in nonpecuniary compensatory damages is appropriate. We have considered the parties' remaining arguments on nonpecuniary compensatory damages, but none warrants a different outcome.

**<u>ORDER</u>**

**¶22** For the reasons discussed above, we award the appellant $22,000 in nonpecuniary compensatory damages, and we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Opinion and Order.

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.