# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBENA G. REID,
   Appellant,

v.

DEPARTMENT OF
 TRANSPORTATION,
   Agency.

DOCKET NUMBER
DC-0752-21-0546-I-4

DATE: April 21, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Robena G. Reid</u>, Lorton, Virginia, pro se.

<u>Christopher T. Hall</u>, Esquire, <u>Karen Sealy</u>, and <u>Rodney Love</u>,
 Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision's determination that the agency proved its charges, nexus, and the reasonableness

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the penalty, and that the appellant did not prove reprisal for whistleblowing, retaliation for equal employment opportunity (EEO) activity, or retaliation for representing others in union activity. We VACATE the initial decision's findings relating to the appellant's claim of retaliation for filing a grievance and REMAND the case to the regional office for further adjudication of that issue under the correct legal standard in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant challenges the administrative judge's determination that the agency proved it charges and asserts that she proved her claims of reprisal for whistleblowing, retaliation for filing EEO complaints, and retaliation for union activity, i.e., the representation of other employees in labor matters before the agency. Further, the appellant contends, among other things, that the administrative judge made erroneous factual findings.[2] We discern no error in the initial decision as to those matters, nor do we find any error as to the administrative judge's determination that there is a nexus between the conduct and the efficiency of the service and that the penalty of removal is reasonable. We affirm the initial decision on all issues except as set forth below.

The appellant also asserts that the administrative judge should not have applied a "genuine nexus" test in adjudicating her claim that the agency retaliated against her for her filing of a grievance. We agree.

The administrative judge found, in relevant part, that to establish such a claim the appellant needed to show by preponderant evidence that (1) she engaged in protected activity, (2) the accused official knew of the protected activity, (3) the adverse action could have been retaliation under the circumstances, and (4) there was a genuine nexus between the alleged retaliation

_____

[2] The appellant has submitted some evidence for the first time on review. Because she has not shown that it was unavailable before the record closed despite her due diligence, the evidence does not provide a basis for granting her petition for review. *See* 5 C.F.R. § 1201.115(d).

and the adverse action. *Reid v. Department of Transportation*, MSPB Docket No. DC-0752-21-0546-I-4, Appeal File (I-4 AF), Tab 59, Initial Decision (ID) at 57. The administrative judge found that the appellant did not establish a genuine nexus. ID at 57-58. The appellant's grievance and corresponding arbitration, however, sought to remedy a violation of reprisal for whistleblowing under 5 U.S.C. § 2302(b)(8). I-4 AF, Tab 11 at 147, 157, 169-70, 173-74. Thus, the administrative judge should have determined whether such activity was a contributing factor in the removal and, if so, whether the agency proved by clear and convincing evidence that it would have removed the appellant absent the protected activity. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶¶ 39-40 (2016).

In connection with the appellant's claim of retaliation for the filing of a grievance, the administrative judge informed the parties only of the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654 (Fed. Cir. 1986), which includes the "genuine nexus" test. She did not inform the parties that, because the appellant's grievance sought to remedy a violation of section 2302(b)(8), it fell under 5 U.S.C. § 2302(b)(9)(A)(i) and was subject to the shifting burdens test of 5 U.S.C. § 1221(e). Therefore, we remand this case for proper notice on that claim and a new initial decision consistent with this Remand Order. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 17-18 (2015). An analysis of the factors under *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999), would involve an examination of any motive to retaliate. The administrative judge is in the best position to make credibility determinations regarding that type of issue, *Gilewicz v. Department of Homeland Security*, 2024 MSPB 7, ¶ 16; *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 35, having already held a hearing in this case.

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.[3]

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.

---

[3] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.